UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EVONNA MATHIS,**

    **Plaintiff,**

**-V-**                                                              Case Nos.: 2:10-cv-1090
                                                                                         2:10-cv-1103
                                                                                         2:10-cv-1145
                                                                                         2:11-cv-0252

**AT&T & SBC COMMUNICATIONS,** *et al.*,           2:11-cv-0270
                                                                                         **JUDGE SMITH**
                           **Defendants.**                      **Magistrate Judge Kemp**

**OPINION AND ORDER**

This matter is before the Court on Defendants' Emergency Motion for Injunctive Sanctions (Doc. 35 in 2:10-cv-1090; Doc. 24 in 2:10-cv-1103; Doc. 30 in 2:10-cv-1145; Doc. 6 in 2:11-cv-252; and Doc. 7 in 2:11-cv-270).  Defendants, the Ohio Bell Telephone Company (named in the Complaints as AT&T SBC Communication, or variations thereof), Vivienne Howard, Ann Taylor, Mickey Clements, Chad Hoerig, Timothy Moore, Deborah Hernandez, Robert Kapps, Thomas Simone, Craig Wyckoff, Kevin Bell, William Stiles, and Greg Boyle (collectively "Defendants"), are seeking the Court to preclude Plaintiff from filing additional "fruitless and vexatious complaints, motions and other pleadings against Defendants."  (Defs.' Mot. at 1).

Plaintiff Evonna Mathis, acting *pro se*, has initiated five separate lawsuits against the aforementioned Defendants asserting claims that arise from her employment with and her

termination from Defendant the Ohio Bell Telephone Company.[1]  Plaintiff has filed a Motion to Proceed *in forma pauperis* in each of the cases, to avoid paying the $350.00 filing fee.  Defendants assert that Plaintiff is abusing the judicial process by filing numerous complaints asserting the same allegations premised on the same operative facts, her employment and termination from Ohio Bell.  Defendants are concerned that Plaintiff will continue to file repetitive and redundant filings without regard for the law or the rules of civil procedure and Defendants will be forced to incur the expenses of filing a response.

The Court has inherent authority to stop the abuse of judicial process by imposing pre-filing restrictions.  *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Rowe v. Register*, 2008 U.S. Dist. LEXIS 37925, *677 (E.D. Tenn. May 8, 2008).  In *Rowe*, the court granted Defendants' request for a permanent injunction to prohibit Rowe from filing future lawsuits against them in the district court without prior authorization of the court.  The court held that:

> Rowe shall not be permitted to continue his pattern of conduct in filing multiple, repetitive civil actions in this Court against the same defendants involving essentially the same nucleus of operative facts, allegations and claims.  At this juncture, such conduct on the part of Rowe amounts to nothing more than harassment of the defendants and an abuse of the judicial process.
>
> The Court recognizes that it cannot absolutely foreclose and enjoin Rowe from ever seeking to initiate another civil action in the future against these same defendants in federal district court, if such a civil action is based on new and different facts and legal claims that are not precluded by the doctrine of res judicata.  *Conway v. Nusbaum*, 109 Fed. Appx. 42, 44 (6th Cir. 2004); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Reid v. Purkey*, 2007 U.S. Dist. LEXIS 14163, 2007 WL 646370, * 9 (E.D. Tenn. Feb. 26, 2007). Rowe has a constitutional right of access to the federal courts.

---

[1] Plaintiff has also initiated cases against the Communication Workers of America Local Union 4320 (2:10-cv-1093) and the United States Marshal Service (2:11-cv-271).

>But this Court has the inherent authority and discretion to fashion an appropriate remedy by imposing reasonable pre-filing restrictions on Rowe to prevent future abuse of the judicial process. The Court can require Rowe to obtain the Court's permission before he is allowed file any more lawsuits against these same defendants. It is permissible to require one who has abused the legal process to make a preliminary showing that a tendered civil lawsuit is not frivolous or vexatious before the Court permits it to be filed. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980); *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003); *First Bank of Marietta*, 307 F.3d at 511-25; *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269-70 (6th Cir. 1998); *Ortman*, 99 F.3d 807; Reid, 2007 U.S. Dist. LEXIS 42761, 2007 WL 646370, at * 9.  The Court's inherent authority to control the conduct of the litigants before it, to protect and promote the orderly administration of justice, and to maintain the Court's integrity, extends to the full range of litigation abuses. *Chambers*, 501 U.S. at 43-44; *First Bank of Marietta*, 307 F.3d at 512 n. 7; *Mitan v. International Fidelity Ins. Co.*, 23 Fed. Appx. 292, 2001 WL 1216978, * 6 (6th Cir. 2001).

*Rowe*, 2008 U.S. Dist. at *65-67.

The Sixth Circuit has affirmed the imposition on such filing restriction, stating:

>We see nothing wrong, in circumstances such as these, with an order that restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category.  As the Ninth Circuit has recognized, 'the general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims.'

*Feathers*, 141 F.3d at 269 (quoting *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983)).

Defendants request an order from this Court essentially restricting all filings by Plaintiff, e.g. pleadings, motions, notices, etc.  However, at this time, it does not appear that such an order is necessary with respect to filings within existing cases.  Plaintiff has not excessively filed motions or other pleadings within the existing cases requiring Defendants to incur expenses in responding.

-3-

Defendants also request that Plaintiff be restricting from initiating any further lawsuits against Defendants without first seeking leave of this Court. The Court agrees that such requirement is necessary after Plaintiff has initiated seven lawsuits in less than five months, and the majority of them all arise from the same nucleus of facts.

Accordingly, it is hereby ordered that Plaintiff Evonna Mathis must obtain written permission from this Court before she is permitted to file any more lawsuits against these same Defendants. To obtain such permission, Plaintiff must submit to the Court a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 demonstrating that the prospective filing is made in good faith, based on facts or circumstances other than those giving rise to the existing lawsuits, and is not frivolous, vexatious, or being filed for an improper purpose. Should Plaintiff attempt to initiate a new civil action against any of the aforementioned Defendants without written permission from this Court, the Clerk of this Court is directed to return the filing to Plaintiff.

The Clerk shall remove Docs. 35, 24, 30, 6, and 7 in the aforementioned cases from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**